## WOODS v. TURK.

### No. 12230.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1948.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, Nathan Siegel, and William A. Moran, Sp. Litigation Attys., all of Washington, D.C., for Office of Housing Expediter.

Mary Turk, pro se.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This action was brought for injunctive relief, restitution, and damages under Sections 205(a) and (e) of the Emergency Price Control Act, as amended, for an alleged violation of the Rent Regulations for Housing. Title 50 U.S.C.A.Appendix, § 925 (a) and (e); 10 F.R. 3436.

The complaint charged that defendant, Mary Turk, was the owner of certain housing accommodations within the Houston, Texas Defense-Rental Area, and subject to the Rent Regulations for Housing; that defendant had violated and was continuing to violate the Act and Regulations by demanding and receiving rent in excess of the maximum rental established for her property by the Area Rent Director; that she should be enjoined from further violations and required to remit to certain of her tenants the amount of her overcharges to them; and that she further should be

---

required to pay double damages to the United States; or, in the event restitution to the tenants was not ordered, that she be required to pay treble damages to the United States for her violations.

Although the record shows that defendant was duly served with summons, she filed no answer and did not enter any appearance in the cause. Plaintiff made a motion for default judgment, which was overruled by the trial court. After hearing all the evidence, the court concluded that plaintiff had failed to establish his case, and judgment was accordingly entered for defendant.

At the trial, a certified copy of an order of the Area Rent Director was introduced in evidence. It was signed by one J. C. Watts, then Acting Area Rent Director. This copy of the Rent Director's order was produced by the Area Rent Attorney, who testified that the order was a certified copy of the one in the original files, which files were in his custody. It fixed the maximum rental for the premises at $5.50 per week. Later, the original order was introduced in evidence, in place of the copy. It was shown that the signature and order were both genuine; that after defendant had filed a late registration on the housing accommodations in question, showing rent collected in excess of the maximum allowable on her property, she was thereafter mailed notice of this rent reduction order on her premises. Although it was not definitely established whether defendant actually received the copy of the rent reduction order mailed to her, it was shown that she had actual notice of the contents of same and of her overcharges. In any event, she took no notice of the order of reduction, and apparently ignored it entirely, so far as this record reveals, just as she appears to have ignored service in the instant proceeding.

The trial court found that the amounts of the various overcharges alleged were sufficiently established by the testimony of the tenants involved. The court was of opinion, however, that the evidence purporting to establish the maximum rental was "not at all clear nor satisfactory;" that the order which fixed the maximum rental purported to be signed by J. C. Watts, as Area Rent Director, but "he was not produced as a witness nor was his absence accounted for;" that while the Area Rent Attorney testified as to Watts' signature to the order reducing the rent, the Court was "not convinced that he knew the signature, except that he has seen it frequently in files, which are in his custody;" and that "the evidence as to the legal reduction of the rent should be clear and convincing, and I do not think it is * * *".

We are of opinion the trial court erred in refusing to give full effect to the order of the Area Rent Director reducing the rental of the housing accommodations belonging to defendant, and in failing to grant judgment in favor of the Housing Expediter. Both the rent reduction order and the signature thereon were shown to be genuine. In any event, neither were challenged as to authenticity or impeached by any proof or testimony to the contrary. Under the circumstances, the order was presumably valid and binding. Moreover, we find no merit in the objection that because the Area Rent Director did not personally appear and testify concerning the validity of the order, it was therefore objectionable as insufficient to establish the rent reduction. It was not essential to produce the Rent Director who issued the order to establish its authenticity, nor to account for his absence from the trial, where there was no challenging testimony to attack its genuineness. Vanadium Corporation v. Fidelity & Deposit Co., 2 Cir., 159 F.2d 105, 109; Fakouri v. Cadais, 5 Cir., 147 F.2d 667, 671, 672; Banco de Espana v. Federal Reserve Bank of New York, 2 Cir., 114 F.2d 438, 446; Federal Rules of Civil Procedure, rule 44, 28 U.S.C.A.

The judgment is reversed and the cause remanded with direction to enter an appropriate order in favor of plaintiff under Sections 205(a) and (e) of the Act, damages to be awarded within the discretion of the court.

Reversed and remanded with direction.